## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICK J. KELLY | : | NO. 02-CV-4005 |
| Plaintiff, | : | |
| | : | FILED  AUG 3 0 2002 |
| v. | : | |
| COUNTY OF DELAWARE | : | |
| Defendant. | : | JURY TRIAL DEMANDED |

### ANSWER TO THE COMPLAINT

The County of Delaware, by its undersigned counsel, responds to Plaintiff's Complaint as follows:

1.      Paragraph 1 is a conclusion of law to which no response is required.

2.      Paragraph 2 is a conclusion of law to which no response is required.

3.      Paragraph 3 is a conclusion of law to which no response is required.  To the extent Paragraph 3 contains factual allegations, they are denied.

4.      Admitted upon information and belief.

5.      Admitted in part, denied in part.  The County of Delaware admits only that it is a political sub-division with its principal office at the location alleged in paragraph 5.  Except as expressly admitted, the County of Delaware denies the allegations in Paragraph 5.

6.      Paragraph 6 is a conclusion of law to which no response is required.

7.      Admitted.

8.      Admitted in part; denied in part.  It is admitted only that in or about May 1999, Plaintiff advised the County of Delaware that he was seeking medical attention.  Except as expressly admitted, the County of Delaware denies the allegations in Paragraph 8.

028860.02107/21051224v1

9. Admitted in part; denied in part. The County of Delaware admits only that in or about October 1999 Plaintiff took a leave of absence from work. Except as expressly admitted, the County of Delaware denies the allegations in Paragraph 9.

10. Admitted in part; denied in part. The County of Delaware admits only that on or about April 5, 2000, Plaintiff provided a note from his treating physician to Margaret Stevens, Plaintiff's supervisor. The County of Delaware denies that it received any communication from Plaintiff's attorney as alleged in this paragraph 10. The remaining allegations in Paragraph 10 refer to the note, which is a writing, the terms of which speak for themselves or is a conclusion of law to which no response is required. Except as expressly admitted, the County of Delaware denies the allegations in Paragraph 10.

11. Admitted in part; denied in part. The County of Delaware admits only that Plaintiff spoke with Ms. Stevens about his doctor's note and that she referred Plaintiff to Rosemary McCarthy. Except as expressly admitted, the County of Delaware denies the allegations in Paragraph 11.

12. Admitted in part; denied in part. The County of Delaware admits only that Ms. McCarthy conveyed to Plaintiff that Leonard J. Maloney had determined that the County of Delaware would not employ Plaintiff under the conditions he demanded. Except as expressly admitted, the County of Delaware denies the allegations in Paragraph 12.

13. Admitted in part, denied in part. The County of Delaware admits only that it terminated Plaintiff's employment on April 12, 2000. Except as expressly admitted, the County of Delaware denies the allegations in Paragraph 13.

14. Admitted.

2

15.    Admitted in part; denied in part. The County of Delaware admits only that on or about September 14, 2001, the Philadelphia District Office of the EEOC issued a Determination regarding the evidence it obtained during its investigation of Plaintiff's Charge. The remaining allegations refer to the terms of a writing which speaks for itself.

16.    Denied. Delaware County is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 16, and, therefore, they are denied.

## FIRST CAUSE OF ACTION

17.    Delaware County incorporates its responses to Paragraphs 1 through 16 as if fully set forth herein.

18.    Denied. Paragraph 18 is a conclusion of law to which no response is required.

19.    Denied. Paragraph 19 is a conclusion of law to which no response is required.

20.    Denied. Paragraph 20 contains conclusions of law to which no response is required. The County of Delaware is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 20, and therefore, they are denied.

21.    Denied. Paragraph 21 is a conclusion of law to which no response is required.

## SECOND CAUSE OF ACTION

22.    Delaware County incorporates its responses to Paragraphs 1 through 21 as if fully set forth herein.

23.    Denied. Paragraph 23 is a conclusion of law to which no response is required.

24.    Denied. Paragraph 24 is a conclusion of law to which no response is required.

25.    Denied. Paragraph 25 contains conclusions of law to which no response is required. The County of Delaware is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 25, and therefore, they are denied.

26.    Denied. Paragraph 26 is a conclusion of law to which no response is required.

028860.02107/21051224v1

WHEREFORE, Defendant County of Delaware respectfully requests that this Honorable Court enter an Order in its favor, dismissing Plaintiff's Complaint and awarding to the County of Delaware attorney's fees, costs and such other and further relief as this Court deems just.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff fails to state a claim on which relief can be granted.

### Second Affirmative Defense

Plaintiff's claims are barred, in whole or in part, as a result of his failure to mitigate or attempt to mitigate his damages.

### Third Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

### Fourth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

### Fifth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because his physical problems temporary and are not within the definition of disability under the Americans with Disabilities Act.

### Sixth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because he is not substantially limited in a major life activity.

### Seventh Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because he could not perform the essential functions of his job, with or without a reasonable accommodation.

028860.02107/21051224v1

**Eighth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, because his demand for an accommodation was not reasonable.

**Ninth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, as a result of his receipt of benefits under the workers' compensation act.

**Tenth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, because he has returned to work in his former position with the modifications his doctor requested in April, 2000.

WHEREFORE, Defendant County of Delaware respectfully requests that this Honorable Court enter an Order in its favor, dismissing Plaintiff's Complaint and awarding to the County of Delaware attorney's fees, costs and such other and further relief as this Court deems just.

Respectfully submitted,

BLANK ROME COMISKY & McCAULEY LLP

BY: _____
        Linda T. Jacobs, Esquire
        One Logan Square
        Philadelphia, PA 19103
        215-569-5388

        Attorneys for Defendant
        County of Delaware

Dated:        August 30, 2002

5

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing Answer to Complaint was served via first class

mail, this 30th day of August, 2002, upon the following Attorney for Plaintiff:

Stephen C. Kunkle, Esquire
Kunkle and Sennett
Westown Professional Center
1515 West Chester Pike, Suite B-2
West Chester, PA 19382

FILED    AUG 3 0 2002

Linda T. Jacobs
Attorney for Defendants

028860.02107/21051224v1